**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY A. EDMUNDSON, | No. 09-35933 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00034-SEH-RKS |
| v. | |
| JAMES MacDONALD, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Rodney A. Edmundson, a Montana state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and racial discrimination by prison officials. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's grant of summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judgment, *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir. 2004), and we affirm.

The district court properly dismissed Edmundson's claims for declaratory and injunctive relief as moot, because Edmundson was no longer housed in the prison where the allegedly unconstitutional events took place. *See Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer or release from a prison while his claims are pending will generally moot any claims for injunctive relief relating to that prison).

The district court properly granted summary judgment on Edmundson's retaliation claim against defendant Larson because Edmundson did not raise a genuine issue of material fact as to whether Larson took adverse action against Edmundson. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

The district court properly granted summary judgment on Edmundson's retaliation claims against defendant Sturcio, because Edmundson failed to raise any genuine issues of material fact as to whether Sturcio acted with a retaliatory motive or disciplined Edmundson without a legitimate penological purpose. *See id.*

The district court properly granted summary judgment on Edmundson's racial discrimination claims against defendants Sullivan and Sturcio because Edmundson failed to raise any genuine issues of material fact as to whether they acted with racially discriminatory intent or disciplined Edmundson without a legitimate penological purpose. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976) (stating that proof of racially discriminatory intent is required to uphold a racial discrimination claim); *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) ("[E]ven [claims of racial discrimination] are judged by a standard of reasonableness—specifically, whether the actions of prison officials are reasonably related to legitimate penological interests." (citations and internal quotation marks omitted)).

Edmundson's remaining contentions are unpersuasive.

**AFFIRMED.**